# Forry's Estate.

*Practice, O. C.—Decree—Uncertainty.*

An Orphans' Court, in the adjudication of an estate, made the following decree: "The rule granted in this case is made absolute, and it is directed that the administrators of the estate of Jesse Forry, deceased, pay to the holders of the decedent's promissory notes specified in the depositions filed in this case on or before the first Monday of August, 1912, their respective ratable proportions of the money awarded to said administrators for that purpose, by the auditor distributing said decedent's estate, to wit: the sum of $1,815.92, with interest from the 2nd day of December, 1907." *Held,* the decree does not sufficiently indicate to what persons the notes are to be paid, and as their identity was not fixed by the depositions the decree is void for uncertainty.

Argued April 20, 1913. Appeal, No. 274, Jan. T., 1912, by Paul H. Forry and John E. Rhodes, Administrators, from decree of O. C. York Co., directing payment of an award, in Estate of Jesse Forry, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Reversed.

Petition for an order on administrators to pay an award. Before WANNER, P. J.

From the record it appeared that Jesse Forry died on July 17, 1906. An auditor was appointed to distribute the balance appearing on the account of his administrators. The auditor awarded $1,815.92 to the administrators "to pay the indebtedness of the decedent on notes of William H. Overbaugh, et al., upon which the decedent was joint maker." This amount remained undistributed, and William H. Overbaugh filed his petition in the Orphans' Court praying for an order on the administrators to pay the above named sum to him "for the purpose of paying the indebtedness of said Jesse Forry upon said notes upon which he was joint maker, or to pay said sum with said interest to the persons

holding said notes." A rule to show cause was issued and certain depositions were taken.

The court entered the following decree:—

"Now to wit, July 8th, 1912: The rule granted in this case is made absolute, and it is directed that the administrators of the estate of Jesse Forry, deceased, pay to the holders of the decedent's promissory notes specified in the depositions filed in this case on or before the first Monday of August, 1912, their respective ratable proportions of the money awarded to said administrators for that purpose, by the auditor distributing said decedent's estate, to wit: the sum of $1,815.92, with interest from the 2d day of December, 1907."

The administrators appealed.

*Error assigned* was the decree of the court.

*J. S. Black,* with him *C. E. Ehrehart,* for appellant.

*Henry C. Niles,* with him *M. S. Niles, C. A. May* and *George E. Neff,* for appellee.

OPINION BY MR. JUSTICE MESTREZAT, May 28, 1913:

We cannot sustain this decree; it is clearly void for uncertainty. It directs the administrators of the estate, the respondents, to pay the holders of the decedent's promissory notes specified in the depositions. Who "the holders of the decedent's promissory notes" are does not appear with any certainty either in the petition, the depositions, or the decree. The petition by which the present proceeding was instituted recites that the fund was awarded "to pay the indebtedness of the decedent, on the notes of William H. Overbaugh, et al., upon which the decedent was joint maker," and prays that the respondents be compelled to pay the money "to your petitioner or to the parties holding the notes." The testimony of Overbaugh and Rhodes was taken by deposition. Overbaugh was the only witness who testi-

fied as to whom the money was payable, and he says that the present owners of the notes are Krug's Estate, George D. Gitt, Carl Erdman and himself. He also testified that some of the notes had been assigned to him. In another part of his testimony he says he paid the notes that were held by the Friendly Circle and Mrs. Sneeringer. In the argument of the learned counsel for the appellee it is said that the notes were paid and are now owned by the surviving joint makers. It is apparent, therefore, that it does not definitely appear who are the present holders of the notes or who are entitled to the money in controversy so as to justify the respondents in paying the fund to any party. In addition to this uncertainty as to the parties to whom the money is payable, there is nothing in the depositions or the decree which shows what proportion of the money should be paid to any of the joint makers of the notes. One thing is apparent, however, from the petition and the depositions that Overbaugh himself is not entitled to receive the whole of the money, nor is it made to appear what proportion of the fund, if any, he is entitled to receive.

If the decree had not been appealed from by the administrator, how would the learned court below have enforced it? Whom would the administrators have been commanded to pay, and in what proportion among the claimants would they have been ordered to distribute the fund? The decree should be sufficiently definite so that the mandate requiring its performance would direct the administrators to pay a sum certain to each of the ascertained creditors. As the present decree stands, a sufficient answer by the administrators to any attempt to enforce it would be that the parties entitled thereto and the sums to which they are respectively entitled had not been legally adjudicated.

The appellants are not in a position to deny that this money was awarded to them and that they now hold it to satisfy the indebtedness of their decedent on the

notes of Overbaugh, et al., upon which he was joint maker. Neither the heirs nor the creditors of the decedent are claiming the fund. It was awarded to the administrators at their own request for the specific purpose of paying the indebtedness of the decedent on those notes. It should have been distributed by the auditor to the parties entitled thereto, but the administrators to whom it was awarded on their own suggestion are not in a position to deny that they hold it for the purpose for which it was awarded, or can resist payment to the parties entitled to the fund when they have been legally ascertained. Were the heirs or creditors of the decedent resisting payment to the decedent's comakers of the notes, another question might arise. The only parties here denying the right of the present claimants to the fund are the administrators in their own behalf, and they have no standing to resist payment as against their cestuis que trust for whom they hold it.

We think the learned court below should have required the petitioner to show definitely the parties to whom the money is payable and the amount payable to each. When this is done a decree can be entered requiring its payment by the administrators.

The decree is reversed with a procedendo.