# Forry's Estate.

*Decedent's estates—Award—Rule on administrators to pay award—Failure to pay—Interest—Practice, O. C.—Form of decree.*

On the audit of administrators' account a certain sum was awarded to pay the indebtedness of the decedent on certain notes

of which he was a joint maker with four others. The award was confirmed by the court but the administrators failed to make payment. The court ordered the accountants to pay the holders of the decedent's promissory notes their respective ratable proportions. On appeal to the Supreme Court the decree of the lower court was held void for uncertainty. The lower court then entered a decree showing definitely the parties to whom the money was payable and the amount payable to each, with interest from the date of the final confirmation of the auditor's report and directed payment. *Held,* no error.

Argued May 19, 1914. Appeal, No. 341, Jan. T., 1914, by Paul H. Forry and John E. Rhodes, administrators of the estate of Jesse Forry, deceased, and Annie E. Rhodes and Jessie Sell, from decree of O. C., York Co., making absolute rule to pay award in estate of Jesse Forry, deceased. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from order to pay an award.

The facts appear in the following opinion, by WANNER, P. J.:

The auditor's report, awarding the sum of $1,815.92 to the administrators of Jesse Forry, deceased, "to pay the indebtedness of the decedent on notes of Wm. H. Overbaugh, et al., upon which decedent is joint maker," was finally confirmed on the 2d day of December, 1907. Said administrators having failed to make said payments, Wm. H. Overbaugh, on the 11th day of March, 1912, petitioned the court for an order upon them, either to pay said award to him for payment to the parties holding said notes, or to pay the sum to said holders directly. The testimony taken in support of said petition showed the dates and amounts of the notes in question, the names of the payees, and that Wm. H. Overbaugh, George D. Gitt, Carl Erdman, and John Krug were the four joint makers who had paid said notes in full, without any contribution toward their payment by the de-

cedent, who was also a joint maker of the same, or by his estate.

On the 8th of July, 1912, the court ordered the accountants to pay "to the holders of the decedent's promissory notes specified in the depositions filed in this case, on or before the first Monday of August, 1912, their respective ratable proportions of the money awarded them for that purpose, by the auditor distributing said decedent's estate, to wit, the sum of $1,815.92, with interest from the 2d day of December, 1907."

Counsel for neither party asked for any more specific order, or informed the court that there might be any difficulty in adjusting the payments by reason of the uncertainty of the court's order, or of the testimony submitted.

On an appeal to the Supreme Court, however, it appeared that the evidence did not accurately disclose the precise sums, or proportions of the whole amount paid, which Wm. H. Overbaugh, et al., had severally contributed to the payment of the notes in question. Said court, therefore, held that the petitioner should be required "to show definitely the parties to whom the money is payable, and the amount payable to each. When this is done a decree can be entered requiring its payment by the administrator." This has now been done. The undisputed evidence, since taken, shows that the notes in question, on which the decedent, Jesse Forry, was joint maker with Wm. H. Overbaugh, George D. Gitt, Carl Erdman, and John Krug, were paid in full by the four last named parties, by the contribution of equal amounts by each of them for that purpose. The total face value of said notes was $10,900.00, and the total of principal and interest paid by said parties thereon was $11,319.00. The several notes and the checks used to pay them were produced. Wm. H. Overbaugh, Carl Erdman, George D. Gitt, and John Krug are therefore each entitled to receive from the accountants the one-fourth part of said award of $1,815.92 with interest

thereon from the final confirmation of said auditor's report.

Demand had been made on the accountants for the payment of these notes even before the audit was concluded, and a statement of the amounts due the parties, was submitted to counsel for the accountants for use before the auditor in adjusting this award. All the subsequent delay in payment, being without legal justification, interest is properly chargeable thereon, from the date of the final confirmation of the auditor's report, to wit: December 2d, 1907.

The joinder of two of the heirs of the decedent in the second answer of the accountants to the petition for payment of this award, does not change the legal status of the case, in the absence of any application to open the decree confirming said auditor's report. We cannot, therefore, appoint an auditor to redistribute the estate of decedent, or this award of $1,815.92 as a part thereof. Indeed in the face of the undisputed evidence submitted, there are no such allegations of fact in the answer to the petition, as would entitle the respondents to have said decree opened or set aside.

John Krug, one of the joint makers of the notes in question, is now deceased, and David D. Krug and Paul Krug are his executors.

And now to wit, October 27th, 1913: It is ordered and decreed that Paul H. Forry and John E. Rhodes, administrators of the estate of Jesse Forry, deceased, do pay to Wm. H. Overbaugh, George D. Gitt and Carl Erdman, each the sum of $631.03, and to the said David D. Krug and Paul Krug, as executors of John Krug, deceased, the sum of $631.03, within twenty days of this date, said sums being in full payment and satisfaction of the sum of $1,815.92, awarded said administrators for that purpose, on the 11th day of November, 1911, by the auditor distributing the estate of Jesse Forry, de-

Opinion of Court below—Opinion of the Court. [246 Pa.

ceased, and of the interest accrued thereon from December 2d, 1907, to this date.

It is also ordered that the costs of all proceedings to enforce payment of said award be paid by said administrators.

Paul H. Forry, John E. Rhodes, Annie E. Rhodes and Jessie Sell appealed.

*Error assigned* was the decree of the court.

*J. S. Black,* with him *C. E. Ehrehart,* for appellants.

*H. C. Niles,* with him *M. S. Niles, C. A. May* and *George E. Neff,* for appellees.

PER CURIAM, July, 1, 1914:

The decree appealed from is in entire accordance with the ruling of this court in a former appeal by the administrators of the same estate, see Forry's Est., 241 Pa. 354.

The decree is affirmed at the cost of the appellants.